Dear Ms. Anderson:
This office is in receipt of your request for an opinion from the Attorney General concerning the fee imposed upon anyone applying for commission as a notary public. Specifically, you inquired:
 La.R.S. 35:191(C)(1)c) [sic] provides: "The court shall not charge any fee in excess of $35 for filing and processing any application, or petition, or both, to be appointed a notary . . ." What it does not state, however, is just how that fee is to be applied. Is it a filing fee? Nothing of the application process is actually filed with the clerk of court. Is it a commission, paid to the commissioner who handles the application paperwork to cover costs and professional services?
 Heretofore my predecessors have collected the fees in cash and placed the funds in a lockbox. I suggest that the latter question is the proper answer and have collected the fees, placing them in a special account at my financial institution pending clarification. Please let me have the benefit of your thoughts.
Accordingly, you want to know whether the fee enumerated in LA.REV.STAT. § 35:191(C)(1)(c) is: (a) a "filing fee" collected by the clerk of court; or (b) a fee collected by the district court through its parish notary application committee to cover costs and professional services associated with the application process articulated in LA.REV.STAT. § 35:191(C)(1)(a). You lean towards the latter rather than the former.
The Attorney General's affirmation of your leaning and a formal response to your inquiry are presented as follows. *Page 2 
LA.REV.STAT. § 35:191 pertinently provides:
 C. Each applicant, otherwise qualified, may be appointed a notary public in and for a parish upon meeting all of the following conditions:
 (1)(a) Submitting an application to be appointed a notary public to the appropriate district court together with a certificate establishing his age, residence, location of his office when the applicant seeks to be appointed a notary based on such office, location of the office which was the basis for a current appointment as a notary in any other parish, if any, and a statement as to the applicant's good moral character, integrity, competency, and sober habits, sworn to and subscribed by two reputable citizens of the parish.
 (b) The application and qualifying process shall be administered by the court for each parish through a parish application committee composed of two members appointed by the court. Each member of the committee shall be appointed to serve a term of two years beginning September 1, 2006, and every two years thereafter.
 (c) The court shall not charge any fee in excess of thirty-five dollars for filing and processing any application, or petition, or both, to be appointed a notary public provided for in Subparagraph (C)(1)(a) of this Section.[1]
LA.REV.STAT. § 35:191(C)(1)(a) thus requires a person who desires to be commissioned as a notary public to submit an application to the district court in and for the parish where the individual wishes to perform notarial acts. Contemporaneously, the applicant must submit a certificate establishing certain, articulated criterion along with a statement attesting to the applicant's moral character which is sworn to by two (2) reputable citizens of the parish. LA.REV.STAT. § 35:191(C)(1)(b) then mandates the application and qualifying process shall be administered by the district court for each parish through a parish application committee. Finally, LA.REV.STAT. § 35:191(C)(1)(c) limits the fee a district court can charge for the administration of the aforementioned notarial application process to thirty-five dollars ($35.00).
Based upon a reasonable reading of LA.REV.STAT. § 35:191(C)(1), it is the opinion of this office that the fee collected pursuant to LA.REV.STAT. § 35:191(C)(1)(c) is a fee collected by the district court through its parish (notary) application committee to cover costs and professional services associated with the application and qualifying process articulated in LA.REV.STAT. § 35:191(C)(1)(a). Accordingly, it is not a "filing fee" collected by the clerk of court. Our reading of the pertinent statute provides no indication to support the notation that the clerk of court is involved in the notary application process and/or entitled to collect the fee identified in LA.REV.STAT. *Page 3 
§ 35:191(C)(1)(c). To the contrary, the fee at issue is collected by the "court" and the entire process is "administered" by the "court" through its "parish application committee". To that end, this office affirms your interpretation of LA.REV.STAT. § 35:191(C)(1).
As an addendum, we offer you a word of caution and a suggestion. Considering that the fees you collect in your capacity as Commissioner of the Ouachita Parish Notary Application Commission are public in nature, the handling of the fees must comply with governing state law. For further information and guidance on how to properly handle said "public funds", we suggest you contact the Office of the Legislative Auditor.
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 DAVID A. YOUNG
 Assistant Attorney General
 JDC:DAY
[1] LA.REV.STAT. § 35:191(C)(1).